**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
    *Plaintiff*,

        vs.

MIGUEL ANGEL GARCIA LOPEZ,
    *Defendant.*

CRIMINAL NO. 25-510 (FAB/HRV)

**MOTION IN COMPLIANCE WITH COURT ORDER AND
MOTION SUBMITTING DOCUMENTATION
SUPPORTING CONDITIONS OF RELEASE**

TO THE HONORABLE COURT:

The defendant, Miguel Angel Garcia Lopez, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, respectfully states and requests as follows:

**Case Background**

1.    On December 10, 2025, an indictment was returned in this case. D.E. # 3. An initial appearance was held on December 12, 2025. D.E. # 7.

2.    A bail hearing was held on December 18, 2025. D.E. # 13. The Court determined it would think on the matter of bail and took the decision under advisement. *Id.* As proffered by the undersigned during the bail hearing, multiple letters of support were sent to counsel for Mr. Garcia in support of his release. The letters were sent to counsel in the Spanish language. *Id.* The Court granted the defense's request to submit the translation of the letters in 10 days. *Id.*[1]

---

[1] The tenth day fell on a Saturday, and thus the undersigned submits the letters, today December 29, the next available business day.

1

3.     As per U.S. District Court of Puerto Rico Local Rule 5(c)(4), "documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English which meets one of the following criteria... (4) Is otherwise stipulated as accurate by all parties."

4.     On December 18, 2025, counsel for Mr. Garcia submitted the letters to the government for its review. The government submitted its edits to counsel's translations, which are now included. The government stipulates that the translations of the letters are accurate.

5.     The government does not agree that the letters are true, nor does it agree to the contents of the same.

6.     As such, Mr. Garcia submits the following 14 letters for the Court's consideration in its bail decision. *See* D.E. # 13; **Exhibit 1** (letters).

<u>**Argument**</u>

7.     Because the government cannot satisfy its heavy burden to establish that no combination of release conditions would reasonably assure the safety of the community and Mr. Garcia's appearance as directed, in light of the letters submitted *infra*, the Court should order his pretrial release under conditions that include home incarceration in his mother's home in Lagos de Blasina and all other standard pretrial release conditions.

**A. The Court Must Consider All Reasonable Less Restrictive Alternatives to Detention**

8.     "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984 therefore provides that a defendant must be released on their personal recognizance or an unsecured personal bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger

the safety of any other person or the community." 18 U.S.C. § 3142(b); *accord United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). Under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B). In other words, the Court must consider all reasonable less restrictive alternatives to detention. *See* § 3142(e).

**B. The Government Bears the Burden of Persuasion Even in a Presumption Case**

9.      To support a finding that the defendant should be detained, the government must show: (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, § 3142(f); or (2) evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); 18 U.S.C. § 3142(f).

10.      In a case involving a charge that triggers a rebuttable presumption that no such conditions exist, 18 U.S.C. § 3142(e), this statutory presumption shifts "the burden of production to the defendant, but the burden of persuasion remains with the government." 3B Wright & Miller, Federal Practice & Procedure § 765.1; *accord United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) ("Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community."). In other words, even in the context of a statutory presumption case, the defendant only has a burden of production to come forward with "some evidence" to contradict the presumption that no conditions exist that will reasonably assure the safety

of the community and reasonably assure the defendant's appearance. *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

11.    This burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The defendant simply has the burden to produce evidence "to suggest" that he is neither dangerous nor likely to flee if released on bail. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). The burden of production is merely "to offer some credible evidence contrary to the statutory presumption." *United States v. Miller*, 625 F. Supp. 513, 519 (D. Kan. 1985). "Any evidence" favorable to a defendant that comes within a category listed in 18 U.S.C. § 3142(g) can rebut the presumption, including evidence of the person's character, mental condition, employment, financial resources, length of residence in the community, community ties, past conduct, prior history related to drug or alcohol abuse, criminal history, and nature and seriousness of the danger that would be posed by the person's release. 18 U.S.C. § 3142(g)(3); *Dominguez*, 783 F.2d at 707. Where the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption has been rebutted. *See United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988).

12.    If the defendant proffers evidence to rebut the presumption, the court must consider four factors in determining whether the government has met its burden of persuasion regarding pretrial detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

13.    The government has not met the burden here.

14.    In meeting its burden, the government cannot simply argue that the statutory presumption, coupled with the allegations in the charging document, are alone sufficient to satisfy section 3142(g). *Jackson*, 845 F.2d at 1266. The government is required to make a serious attempt to supports its request for pretrial detention by offering extrinsic incriminatory evidence. *Id*. Moreover, the "presumption itself would be inadequate to prove dangerousness, so the prosecution must introduce other evidence in addition." *United States v. Cox*, 635 F. Supp. 1047, 1052 (D. Kan. 1986).

15.    The government here made no serious attempt to support its request only a recitation of the facts leading to the indictment – namely, that Mr. Garcia met a minor online on an internet application where they chatted and agreed to meet in the west coast of the island. The government alleges that Mr. Garcia arrived to the meet up location previously arranged – thus the attempt modality in the charging document.

16.    Even if the presumption of dangerousness to the community exists under 18 U.S.C. § 3142(e), the defendant cannot be detained unless the government proves, and the Court finds, that there are no release conditions that will "reasonably assure" the safety of the community. *See Hir*, 517 F.3d at 1092; *Dominguez*, 783 F.2d at 707. The Bail Reform Act contemplates only that a court be able to "reasonably assure," rather than guarantee, the safety of the community. *Hir*, 517 F.3d at 1092.

### C. The Nature of the Charged Offense and the Weight of the Evidence Do Not Require Detention.

17.    "[T]he weight of the evidence is the least important of the various factors" to be considered by the Court in determining whether conditions exist which will reasonably assure the appearance of Mr. Garcia. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (panel opinion by Kennedy, J.). The weight of the evidence is the least important factor

because Mr. Garcia is presumed to be innocent. *See* § 3142(j). Moreover, pretrial detention is explicitly not permitted to be imposed as "punishment" for alleged past criminal conduct, no matter how well established. *United States v. Salerno*, 481 U.S. 739, 747 (1987).

18.     On the contrary, "[t]he [Bail Reform Act], by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009).

19.     In other words, the weight of the evidence is relevant only to the extent that it supports a finding that Mr. Garcia presents an unaddressable risk of flight or danger. The government here has not presented a forward-looking argument that Mr. Garcia cannot be released because of danger by merely focusing on the nature of the facts, particularly when the minor in this case is located over two hours away by car, and the Court can impose conditions to restrict Mr. Garcia's movement.

20.     Additionally, the defense submits letters from friends, family members, and importantly – parents of the team Mr. Garcia coached for years. *See* **Exhibit 1** (letters and translations). All persons who submitted letters are cognizant that they are submitting these letters to a federal court, the seriousness of said submission and all are willing to put their full names and signatures to their support for Mr. Garcia.

21.     The Court cannot guarantee anything – as is the nature of conditions of release. But the law does not require a guarantee. The statutory question is whether there are conditions of release that will "reasonably assure" the appearance of Mr. Garcia and our

community's safety. *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992). Here, there are such conditions, should the Court deem necessary.

**WHEREFORE**, Mr. Garcia respectfully requests that this Honorable Court take notice of this information and exhibits in contemplation of its decision regarding bail and authorize his release on conditions pursuant to 18 U.S.C. § 3142.

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th of December, 2025.

RACHEL BRILL
Chief Defender
District of Puerto Rico

*S/Jessica E. Earl*
Jessica E. Earl
Assistant Federal Public Defender
USDC-PR No. 302613
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Jessica_Earl@fd.org